# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2014.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D12-1730
Lower Tribunal No. 10-26312

————————

**Viervens Saint-Hilaire,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Carlos J. Martinez, Public Defender, and Kathryn J. Strobach, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.


Before ROTHENBERG, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Viervens Saint-Hilaire appeals the denial of his motion to suppress, which

was based on a search of the contents of his cell phone during a warrantless search

incident to a lawful arrest. We reverse and conclude that the search of the cell phone was improper, and the inevitable discovery doctrine is inapplicable.

During a routine traffic stop of Saint-Hilaire's vehicle, an officer discovered that Saint-Hilaire's wallet contained about eight debit cards of the same color and bank name. The officer arrested Saint-Hilaire because the coding on one card did not match the name on the front of the card. A pat-down incident to arrest followed, during which an officer searched the contents of Saint-Hilaire's cell phone and discovered twenty-four or twenty-five names and social security numbers.

The State subsequently charged Saint-Hilaire with nine counts of possession of personal identification information with intent to defraud. Saint-Hilaire moved to suppress the information found on his cell phone on the ground that it was discovered during a warrantless, illegal search. The trial court held that the search of Saint-Hilaire's cell phone was valid as a search incident to a lawful arrest. The trial court denied the motion to suppress, following the First District Court of Appeal's decision in Smallwood v. State, 61 So. 3d 448 (Fla. 1st DCA 2011), quashed, 113 So. 3d 724 (Fla. 2013).

Motions to suppress are to be reviewed by an appellate court using a mixed standard of review. See Nelson v. State, 850 So. 2d 514, 521 (Fla. 2003). Appellate courts accord a presumption of correctness to the trial court's

determination of historical facts, while independently reviewing mixed questions of law and fact that determine constitutional issues present in the motion to suppress. Id.

We conclude that the search of Saint-Hilaire's cell phone was unauthorized. In Smallwood, upon which the trial court correctly relied, the Florida Supreme Court held that a warrantless search of a cell phone incident to a lawful arrest exceeds the boundaries of a proper search of a person incident to a lawful arrest in the absence of a reasonable belief that the cell phone contains evidence of a crime. Smallwood, 113 So. 3d at 732. The Court declined to extend the doctrine set out in United States v. Robinson, 414 U.S. 218 (1973), which held that the search incident to arrest warrant exception permits a search and inspection of the contents of personal items found on the arrestee. Id. at 234; Smallwood, 113 So. 3d at 730. The Florida Supreme Court stated that when the search incident to arrest warrant exception is inapplicable because "[t]here is no evidence or hint of evidence that [a] particular phone could be used as a weapon or that evidence could be destroyed remotely, … once a cell phone has been removed from the person of the arrestee, a warrant must be secured … before officers may conduct a search …." Smallwood, 113 So. 3d at 735-36.

Here, there was no evidence that the cell phone was going to be used to endanger the officer or resist arrest, or that evidence contained in the cell phone

3

was going to be destroyed. Thus, the circumstances surrounding Saint-Hilaire's arrest required the officers to obtain a warrant before they searched the contents of the cell phone.

Additionally, our decision is in accord with the recent United States Supreme Court decision in Riley v. California, No. 13-132, slip op. at 25 (U.S. June 25, 2014). In Riley, the Supreme Court held that a warrant is generally required before officers can search a cell phone "even when a cell phone is seized incident to an arrest." Id.

Furthermore, we decline to apply the inevitable discovery doctrine as an exception to the exclusionary rule. In order for the evidence obtained from Saint-Hilaire's phone to be admissible under the inevitable discovery doctrine, the State would have had to show, by a preponderance of the evidence, that the police had probable cause to search the phone. See Rowell v. State, 83 So. 3d 990, 996 (Fla. 4th DCA 2012) (finding that the inevitable discovery rule did not allow for admission of the evidence because the State failed to make the requisite showing that the police could have obtained a warrant supported by probable cause). The State made no such showing here. Thus, the inevitable discovery doctrine is inapplicable.

We note, however, that our reversal on the motion to suppress issue is not dispositive of the case. On remand, the State may amend the charges to include

information obtained from the consented-to search of Saint-Hilaire's wallet. Accordingly, we reverse the order denying Saint-Hilaire's motion to suppress and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.